UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARK A. HULS,                                    Case No.: 6:11-cv-341-Orl-35KRS

    Plaintiff,

v.

B&E ELECTRICAL, INC., et al.,

    Defendants.
_____/

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW, WILLIAM VENO, a South Carolina resident ("VENO"), through counsel and by way of a special appearance to contest jurisdiction, respectfully moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the basis that this Court lacks personal jurisdiction over VENO.

**SUMMARY OF ARGUMENT**

This Court lacks personal jurisdiction over VENO as Plaintiff has failed to allege sufficient facts to bring the action within the ambit of one of the jurisdictional criteria contained in Florida's long-arm statute found in section 48.193, *Florida Statutes* or that there are sufficient minimum contacts between VENO and the State of Florida to satisfy constitutional due process limitations. Moreover, as is evident from Plaintiff's own allegations, the alleged conduct on which the complaint is based is between B&E Electrical of SC, a Florida corporation ("BESC") and Plaintiff.

1

## FACTUAL BACKGROUND

1. VENO is a resident of the State of South Carolina. Complaint ¶2.

2. VENO is a corporate officer of B&E Electrical of SC, a Florida corporation ("BESC") and in the course of his employment conducts business in the State of Florida on behalf of BESC. Complaint ¶10, 7.

3. VENO is not engaged in continuous and systematic general business conduct in Florida except on behalf of and for the benefit of BESC. Complaint ¶11.

4. VENO owns certain real property in Florida unrelated to this litigation. Complaint ¶7.

## MEMORANDUM OF LAW & LEGAL ARGUMENT

### A. Requirements for Personal Jurisdiction

5. In order for this Court to have the requisite jurisdiction over VENO, a nonresident, Plaintiff "must allege sufficient facts to bring the action within the ambit of one of the jurisdictional criteria contained in Florida's long-arm statute found in section 48.193, *Florida Statutes*." Miller v. Berman, 289 F.Supp.2d 1327 (M.D. 2003). Pursuant to §48.193, *Florida Statutes*, there are two categories of personal jurisdiction, specific and general jurisdiction. Plaintiff, however, fails to sufficiently allege any facts that would allow this Court to have either specific or general jurisdiction over VENO. In addition to failing to allege long-arm jurisdiction, Plaintiffs have failed to demonstrate that VENO has sufficient minimum contacts with the State of Florida to satisfy the federal requirements of due process. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1274 (11th Cir. 2002).

6.      In the instant case, the Plaintiff alleges that personal jurisdiction over VENO is appropriate as he is a representative of BESC and because he owns real property in Florida that is unrelated to this action.  *See* Complaint "Jurisdiction and Venue" ¶ 7.  Plaintiff's jurisdictional allegations fail as a matter of law as merely owning property unrelated to the action does not in itself convey personal jurisdiction, nor does acting within the scope of employment under the Corporate Shield Doctrine, "a corporate officer is not by virtue of his position subject to personal jurisdiction."  Home Design Servs. v. David Weekley Homes, LLC, 2007 U.S. Dist. LEXIS 26161, 7 (M.D. Fla. Apr. 9, 2007).

**B. Burden of Proof**

7.      The burden of establishing personal jurisdiction over a defendant rests with the plaintiff.  Future Technology Today, Inc., v. OSF Healthcare Systems, 218 F.3d 1247, 1249 (11th Cir. 2000).  Specifically, "the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. ." Id.  Furthermore, "if the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint."  Prentice v. Prentice Colour, Inc., 779 F. Supp. 578, 583 (M.D. Fla. 1991).  It is clear from even a cursory reading of Plaintiff's Complaint, that the Plaintiff has failed to meet his burden of establishing the basis for the Court's personal jurisdiction over VENO.

**C. No Specific Personal Jurisdiction**

8.      The instant Complaint fails to set forth sufficient jurisdictional facts to bring the action against VENO within the ambit of Florida's long-arm statute for specific personal jurisdiction.  Florida's long-arm statute, § 48.193(1), *Florida Statutes*, sets forth certain specific

actions that will subject a foreign defendant to specific personal jurisdiction of Florida Courts. While not specified, it appears that Plaintiff alleges specific personal jurisdiction under §48.193(1)(a) or (c)[1], however the allegations in the Complaint fail satisfy the requirements of those sections of the long-arm statute.  With regard to subsection (c), merely passively owning property does not does not convey specific jurisdiction where the property is unrelated to the issues raised in the litigation.  See Marshall v. Marshall, 988 So. 2d 644 (Fla. Dist. Ct. App. 4th Dist. 2008) (holding husband's ownership of real property in Florida did not establish personal jurisdiction under § 48.193(1)(c), except as to the partition of the Florida property). Additionally, under the Corporate Shield Doctrine, acts of corporate officer or employee performed in corporate capacity do not form the basis for jurisdiction over the corporate employee or officer in their individual capacity.  Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993).  "The rationale of the [Corporate Shield] [D]octrine is the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." Id. quoting Estabrook v. Wetmore, 129 N.H. 520, 529 A.2d 956 (N.H. 1987) (internal quotations omitted).  The claims against VENO arise from alleged activities performed in his capacity as corporate officer for BESC, and as such personal jurisdiction is barred by the Corporate Shield Doctrine.   As the Complaint lacks sufficient allegations to invoke specific personal jurisdiction over VENO, under §48.193(1), *Florida Statutes*, Plaintiff's Complaint should be dismissed.

---

[1] §48.193(1)(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

§48.193(1)(c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.

### D. *No General Personal Jurisdiction*

9. The Complaint also fails to set forth sufficient basis for general personal jurisdiction over VENO. Section §48.193(2), *Florida Statutes*, provides for the exercise of general personal jurisdiction when the defendant "is engaged in substantial and not isolated activity" within the State of Florida. Florida courts have interpreted the term "substantial and not isolated activity," in the long-arm statute to mean "continuous and systematic" general business contact with Florida, which fulfills the due process requirement of minimum contacts when asserting general jurisdiction. J.P. Morgan Trust Co., N.A. v. Potash Corp. of Sask., Inc. (In re Farmland Indus.), 2007 U.S. Dist. LEXIS 23872 (M.D. Fla. Mar. 30, 2007). Courts have noted that satisfaction of section 48.193(2) is a high threshold. Caiazzo v. Am. Royal Arts Corp., 2011 Fla. App. LEXIS 8078, 12 (Fla. Dist. Ct. App. 4th Dist. June 1, 2011). Here, the only business activity of VENO alleged in the Complaint arises from actions allegedly performed in his capacity as a corporate officer for the defendant corporations and passive ownership of property, which as previously discussed above does not give rise to specific personal jurisdiction over VENO in this state let alone meet the high threshold required to establish general personal jurisdiction. Accordingly, in the absence of general or specific personal jurisdiction over VENO, this action must be dismissed.

### E. Absence of Minimum Contacts

10. If personal jurisdiction does not exist under Florida's long-arm statute, the jurisdictional inquiry ends and Plaintiff's Complaint should be dismissed. Even if sufficient jurisdictional facts are alleged, which in the instant case they are not, the next requirement is that the Plaintiff must show that VENO had sufficient minimum contacts with the State of Florida so as to satisfy the due process requirements and the "traditional notions of fair play and substantial

justice." *See* <u>Hewitt v. Taffee</u>, 673 So. 2d 929 (Fla. 5th DCA 1996) (*citing* <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945). The minimum contacts prong of the jurisdictional inquiry is "whether the defendant has sufficient 'minimum contacts' with this jurisdiction to satisfy the Due Process Clause of the Fourteenth Amendment such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See* <u>Walack v. Worldwide Machinery Sales, Inc</u>*.,* 278 F. Supp. 2d 1358 (M.D. Fla. 2003). In short, minimum contacts exist only if VENO's relationship and activity "with the forum state satisfy three criteria: they must be related to the plaintiff's cause of action or have given rise to it, they must involve some act by which VENO purposefully avails himself of the privilege of conducting activities with the forum, and they must be such that the VENO should reasonably anticipate being hauled into court there." *See* <u>Goforit Entertainment LLC, v. Digimedia.com LP</u>, 513 F. Supp.2d 1325 (M.D. Fla. 2007) (*citing* <u>Sloss Indus. Corp. v. Eurisol</u>, 488 F.3d 922 (11th Cir. 2007). For the reasons discussed in the preceding paragraphs, Plaintiff's allegations fail to set forth sufficient allegations to satisfy the minimum contacts criteria, and as such, VENO cannot be said to have the requisite "minimum contacts" such that the maintenance of this action would not offend traditional notions of fair play and substantial justice.

## **CONCLUSION**

11. Plaintiffs' Complaint purports to haul VENO, a South Carolina resident into this Court to answer allegations relating to the alleged breach of agreement purportedly entered into by Plaintiff and one of the other two corporate defendants for which VENO is an officer. Plaintiff however fails to allege sufficient facts which would allow this Court to have either specific or general jurisdiction over VENO, as set forth in Florida's long-arm statute, §48.193, *Florida Statutes.* Plaintiff has also failed to demonstrate that the VENO has sufficient minimum

6

contacts with the State of Florida to satisfy the federal requirements of due process. As such, this Court's exercise of personal jurisdiction over VENO would violate Florida's long-arm statute and due process considerations, and therefore VENO requests that Plaintiff's Complaint be dismissed for lack of personal jurisdiction.

WHEREFORE, VENO requests that this Court dismiss him from this action, award his reasonable costs and attorneys' fees incurred in bringing this Motion, and grant any and all other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011, I electronically filed the foregoing with the Clerk of the Courts by using the ECF System which will send a notice of electronic filing to Clark A. Huls, *pro se*, 2862 Pine Avenue, Mims, Florida 32754.

**WINDERWEEDLE, HAINES, WARD AND WOODMAN, P.A.**
329 N Park Avenue, Second Floor
P.O. Box 880
Winter Park, FL 32790-0880
Telephone (407)246-8689
Facsimile (407)645-3728
*Michael Carolan, Esq.*
Florida Bar No. 51998
*Robert L. Simon, Esq.*
Florida Bar No. 92721

By: s/ Michael Carolan, Esq.
Michael Carolan, Esq.