**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CLARK A. HULS,                                          Case No.: 6:11-cv-341-Orl-35KRS

    Plaintiff,

v.

B&E ELECTRICAL, INC., et al.,

    Defendants.
_____/

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW, B&E ELECTRICAL, INC., a South Carolina Corporation ("B&E") and B&E OF SC, INC., a Florida corporation ("BESC" together with B&E the "Defendants"), through counsel, respectfully moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis that Plaintiff has failed to establish subject matter jurisdiction of this Court.

## SUMMARY OF THE ARGUMENT

Plaintiff filed a complaint against Defendants and WILLIAM VENO, a South Carolina resident ("VENO") [1], alleging breach of contract, fraud in the inducement and for civil damages for breach of a *repealed* Florida Statute relating to commission agreements.  Plaintiff's Complaint should be dismissed as there is incomplete diversity between the parties and thus an absence of subject matter jurisdiction.

## FACTUAL BACKGROUND

---

[1] Simultaneously herewith, defendant William Veno, a South Carolina resident ("VENO") has filed a motion to dismiss based on lack of personal jurisdiction.

1

1.   BESC is a Florida corporation licensed to and conducting business throughout Florida as an electrical contractor.

2.   B&E is a South Carolina corporation.

3.   BESC is a Florida corporation.

4.   B&E and BESC are separate corporations.

5.   BESC is the Florida subsidiary of B&E.

6.   VENO is a resident of South Carolina and a corporate officer of BESC and B&E.

7.   Plaintiff is a Florida resident.

## MEMORANDUM OF LAW AND LEGAL ARGUMENT

8.   Plaintiff alleges this action is properly before this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332.  Complaint ¶5-6.  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).  "If complete diversity is lacking, a federal court does not have subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332." Impuls I.D. Internacional, S.L. v. Psion-Teklogix Inc., 234 F. Supp. 2d 1267, 1273 (S.D. Fla. 2002).  As pled, this action lacks complete diversity as both the Plaintiff and defendant BESC are residents of the State of Florida.  Complaint ¶1 and 4.  Accordingly, in the absence of complete diversity, or any other jurisdictional basis, the Complaint should be dismissed.

WHEREFORE, B&E and BESC request this Court dismiss this action for lack of subject matter jurisdiction and grant such other relief as may be necessary and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011, I electronically filed the foregoing with the Clerk of the Courts by using the ECF System which will send a notice of electronic filing to

Clark A. Huls, *pro se*, 2862 Pine Avenue, Mims, Florida 32754.

          **WINDERWEEDLE, HAINES, WARD AND WOODMAN, P.A.**
329 N Park Avenue, Second Floor
P.O. Box 880
Winter Park, FL 32790-0880
Telephone (407)246-8689
Facsimile (407)645-3728
*Michael Carolan, Esq.*
Florida Bar No. 51998
*Robert L. Simon, Esq.*
Florida Bar No. 92721


By: s/  Michael Carolan, Esq.
       Michael Carolan, Esq.