**FILED**

# UNITED STATES DISTRICT COURT
FOR THE
# MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2011 SEP 12 AM 8: 52

CLARK A. HULS,
    Plaintiff,

-v-

B&E ELECTRICAL, INC.,                         Civil Action No.:
a *South Carolina Corporation,*            6:11-cv-00341-MSS-KRS
B&E ELECTRICAL OF SC, INC.,
a *Florida Corporation, and*
WILLIAM R. VENO, *an individual*
*who is an officer of both corporations,*
    Defendants.

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Plaintiff CLARK A. HULS ("HULS"), *pro se*, to request that this Court render judgment for HULS for the relief requested in his Complaint against Defendants B&E ELECTRICAL, INC. ("B&E") and WILLIAM R. VENO ("VENO"), both jointly and severally.[1] In support thereof, HULS states the following:

    1.      By choosing to pursue a frivolous *in personam* jurisdictional claim instead of answering the merits of the complaint, HULS was put at risk for having his meritorious claim dismissed. Therefore it is only equitable that the Defendants should be subjected to the same risk of having judgment rendered against them because of their choices.

    2.      HULS served a summons with his Complaint (Doc 1) on B&E and VENO on the 5th of August 2011, (Docs 14 and 16).

---

[1] Contemporaneous to this motion, HULS filed a notice dismissing all claims against B&E ELECTRICAL OF SC, INC., ("BESC"), rendering B&E/BESC's motion to dismiss moot at best, or deficient for being time-barred or for failing to comply with Fed.R.Civ.P. 7.1.(b)(1) and this Court's order (Doc 4).

3. B&E and VENO have failed to answer the Complaint as of the 26th of August 2011, which is the last day for pleadings pursuant to Fed.R.Civ.P. 12.(a)(1)(A)(i) (Docs 14 & 16).

4. VENO filed a motion to dismiss (Doc 9) based on lack of *in personam* jurisdiction of this Court on the 26th of August 2011 that this Court, *sua sponte*, struck from the record on the 9th of September 2011 (Doc 13) for VENO's failure to notify HULS of said motion's existence.

5. Additionally, this motion to dismiss (Doc 9) was deficient for; (1) failing to comply with Fed.R.Civ.P. 7.1.(b)(1); (2) failing to comply with this Court's order (Doc 4) regarding corporate disclosure; and (3) failing to include any of the required supporting affidavits.

6. VENO filed a similar motion asserting a deficiency of *in personam* jurisdiction (Doc 18) on the 9th of September 2011 contemporaneous with VENO's corporate disclosures. This new motion to dismiss (Doc 18) is also deficient because; (1) it is time-barred and VENO failed to request an extension or show evidence of excusable neglect; (2) it also failed to include any required supporting affidavits; and (3) VENO's claims in this motion are baseless.[2]

## THE DEFENDANTS' LACKADAISICAL ATTITUDE
## TOWARDS DEFENDING THIS CASE ON ITS MERITS

---

[2] "The Florida Supreme Court also stated that **a non-resident corporate officer is subject to the long arm statute if it is alleged that he personally committed an intentional tort expressly aimed at the plaintiff.**" *Home Design Servs. v. David Weekley Homes, LLC*, 2007 U.S. Dist. LEXIS 26161, 7 (M.D. Fla. Apr. 9, 2007), (emphasis added).

HULS alleged that; (1) VENO, who is an officer of B&E, fraudulently induced him to keep working on behalf of B&E during the negotiation of a new contract that VENO had accepted in principle, after VENO had breached the parties' previous agreement, (Count II of the Complaint); (2) VENO directly owns two parcels of real property in central Florida, (¶7); and (3) VENO induced HULS, who is a Florida citizen, to do work related to two construction projects located in this Court's venue (¶17).

7. The Defendants had every right to make the choices that they have made so far in this case, but the Defendants and not HULS, should be the ones to suffer the consequences of those decisions, since they chose to;

a. not answer the Complaint within the time allotted;

b. not appear in this case until the day that an answer was due (Docs 7,8,11, & 12);

c. not abide by the Fed.R.Civ.P. 5 and this Court's local rules regarding effective service, which all participants including *pro se* parties are obligated to follow;

d. not ask HULS for a waiver to refile their defective-service motions to dismiss (Docs 9 & 10), at the same time that HULS requested the Defendants to withdraw the defective motions so he would have his allotted time to answer;

e. not file their defective-service motions to dismiss (Docs 9 & 10) until the eleventh hour for Defendants B&E and VENO;

f. not file their defective-service motion to dismiss until and after it was due for BESC;

g. not contact HULS directly to let him know about his diversity-jurisdiction error regarding BESC, as he corrected the error two business days after being notified;

h. not submit affidavits nor any evidence, which the Defendants are required[3] to do, in support of their *in personam* jurisdictional claims for VENO;

i. make deceptive assertions regarding what the Complaint states about VENO's business conduct in Florida despite HULS sending VENO's counsel -- the day before

---

[3] "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts **must file affidavits in support of his position.**" *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla.1989), (emphasis added).

"*Supporting Affidavit*. Any **affidavit** supporting a motion **must be served with the motion.**" *Fed.R.Civ.P.* 6. (c)(2), (emphasis added).

3

Doc 18 was filed -- over 40 pages of B&E's financial records showing that this assertion was untrue;

j. assert case law inapposite to this case regarding the spouse of a property owner in the forum state not being reachable by Florida's long arm jurisdiction (Doc 18 ¶8). VENO is the real property owner of two properties in Florida (Doc 1 ¶7);

k. not ask this Court for permission to file out of time or to demonstrate for this Court their excusable neglect; and

l. not waive service, which gave the Defendants more than 5 months to prepare.

## LEGAL ARGUMENTS

8. A defendant who does not proffer any denials, evidence, or affidavits or otherwise "fails to contest critical averments in the complaint will, on motion, suffer a judgment on the pleadings...". (*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 522 (1993)).

9. The Defendants have not answered HULS's Complaint on the merits and instead opted to short-circuit the legal process with either non-compliant, frivolous, time-barred, or meritless motions to dismiss (Doc 9, 10, 18, & 19).

10. Therefore no issues of fact remain and HULS is entitled to a judgment on the pleadings as a matter of law as all of the Defendants' filings are a nullity.

## DAMAGES

11. Huls requests that this Court award the damages specified in the Complaint, and the additional costs as detailed:

4

(a) Count I - Breach of Contract for Andros Isles ............................................. $28,160.00

(b) Count II - The Tort of Fraudulent Inducement ................................................. $0.00[4]

(c) Count III - Breach of Contract for Hidden River ........................................ $70,829.72

(d) Count IV - Civil Remedy of Florida Statute 686.201(3)(b) ....................... $212,489.16[5]

(e) Doc 17 - Failure to waive service/cost of service ............................................ $440.16

(f) Cost of filing suit .................................................................................................. $350.00

(g) **Total of (a), (d), (e), and (f)** .......................................................................... **$241,439.32**

**WHEREAS** the Plaintiff prays that this Court will enter a judgment in favor of CLARK A. HULS for $241,439.32 against Defendants B&E ELECTRICAL, INC. and WILLIAM R. VENO both jointly and severally.

## CERTIFICATE OF TRUTHFULNESS AND SERVICE

I hereby swear under penalty of perjury that the foregoing is correct and I further certify that on the 12th day of September 2011, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

Clark A. Huls,
2862 Pine Avenue
Mims, Florida 32754
Telephone: (321) 576-7829
email: clarkhuls@gmail.com

---

[4] HULS is willing to forego potential punitive damages for Count II, if a judgment is entered for the amount requested.

[5] Count IV was pleaded in the alternative of Count III and is three times the amount of Count III.

This statute has been repealed since HULS filed suit, but was good law at the time of the parties agreement, was good law when the parties' agreement was breached, and was good law when this action was commenced.