**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLARK A. HULS,**

      **Plaintiff,**

**v.**                                                                 **Case No.: 6:11-cv-341-Orl-35KRS**

**B & E ELECTRICAL, INC.,**
**B & E ELECTRICAL  OF SC, INC.,**
**and  WILLIAM R. VENO,**

      **Defendants.**

_____/

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Plaintiff Clark A. Huls's

Motion for Judgment on the Pleadings.  (Dkt. 25)  Upon consideration of all relevant

filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion

(Dkt. 25), as described herein.

**I.    BACKGROUND**

    On March 7, 2011, Plaintiff filed his Complaint against Defendants alleging

violations of alleged oral Agreements.[1]  (Dkt. 1)  Specifically, Plaintiff asserts claims for

(1) breach of contract (Counts I and III); (2) fraudulent inducement (Count II); and (3)

violation of FLA. STAT. 686.201(3)(b) (Count III).   (Id. at 5-13)   Defendants Veno and

B&E were served with a Summons and Copy of Plaintiff's Complaint on August 5, 2011.

(Dkts. 14, 16)  Defendant B&E SC was served on August 4, 2011. (Dkt. 15)   On August

---

[1] Although Plaintiff's Complaint was filed on March 7, 2011, the Clerk did not record the filing fee as being
paid until July 5, 2011.   (Dkt. 1)  Therefore, the Summons was not issued until July 5, 2011.  (Dkt. 2)

26, 2011, Defendant Veno filed a Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Dkt. 9) and corporate Defendants B&E and B&E SC filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction.  (Dkt. 10) On September 9, 2011, the Court entered an Order striking the two motions to dismiss for failure to comply with the Court's administrative procedure requirements for serving *pro se* parties and directed Defendants to "properly serve their motions to dismiss by mailing a paper copy of the same to Plaintiff at the address listed on CM/ECF."  (Dkt. 13 at 2)  That same day, Defendants re-filed their motions, indicating that Plaintiff had been served via e-mail after he "agreed in writing to accept service via e-mail pursuant to Fed. R. Civ. P. 5(b)(2)(E)."  (Dkt. 18 at 9; Dkt. 19 at 4)  Plaintiff filed the instant motion on September 12, 2011, requesting that the Court grant judgment in his favor, claiming that Defendants failed to contest critical averments in the Complaint and filed frivolous motions to dismiss.  (Dkt. 25 at 4)

## II.     LEGAL STANDARD AND ANALYSIS

### A.  Judgment on the Pleadings- Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 12(c); Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).  When reviewing a motion for judgment on the pleadings, the Court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. Ortega, 85 F.3d at 1524.  As such, a motion for judgment on the pleadings operates

much like a motion to dismiss under FED. R. CIV. P. 12(b)(6).   See Scott v. Taylor, 405
F. 3d 1251, 1253 (11th Cir. 2005).

### B.  Defendant Veno's Motion to Dismiss for Lack of Personal Jurisdiction

Plaintiff contends that judgment on the pleadings should be entered against
Defendant Veno because Defendant Veno filed a baseless motion contesting personal
jurisdiction that "failed to include any required supporting affidavits."  (Dkt. 25 at 2)

Defendant Veno's jurisdictional challenge merely raises the legal sufficiency of
the pleadings.  The extent to which Plaintiff has any dispute concerning the sufficiency
of that motion, such dispute(s) must be raised in a response to the motion challenging
personal jurisdiction.  Accordingly, Plaintiff's request for judgment on the pleadings on
all claims asserted against Defendant Veno is **DENIED**.

### C.  Corporate Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Additionally, Plaintiff contends that judgment on the pleadings should be entered
against Defendants B&E and B&E SC because they "failed to answer the Complaint
within the time allotted" and did "not file their defective motions to dismiss (Docs 9 & 10)
until the eleventh hour[.]"  (Dkt. 25 at 3)

Federal Rule of Civil Procedure 12(a) provides the time for serving a responsive
pleading and directs that:

> (1)  (A) A defendant must serve an answer:
>       (i) within 21 days after being served with the summons and complaint;
>       or
>       (ii) if it has timely waived service under Rule 4(d), within 60 days after
>       the request for a waiver was sent, or within 90 days after it was sent to
>       the defendant outside any judicial district of the United States.
>   . . .

(4) Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

FED. R. CIV. P. 12(a)(1)(A), (a)(4).   Thus, Defendants B&E and B&E SC were not required to file an Answer to Plaintiff's Complaint because they timely filed a motion to dismiss for lack of subject matter jurisdiction.  (See Dkt. 10)  To the extent that Plaintiff claims this motion is time-barred because it was stricken by the Court for improper service and re-filed with a proper certificate of service on September 9, 2011 (See Dkts. 13, 19), the Court accepts Defendants' motions, re-filled to correct the manner of service, as timely filed.  Accordingly, Plaintiff's request for judgment on the pleadings on all claims asserted against Defendants B&E and B&E SC is **DENIED**.

## III.    CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion for Judgment on the Pleadings (Dkt. 25) is **DENIED** in its entirety; and,

(2) Because Plaintiff agreed in writing to accept service of Defendants' motions to dismiss via e-mail (See Dkt. 18 at 9; Dkt. 19 at 4), Plaintiff would be required to file his responses to Defendants' motions in accordance with the Federal Rules of Civil Procedure.  That deadline would be September 23, 2011.  In light of the pendency of the motion resolved by this Order, Plaintiff shall have until and including September

30, 2011, to file his responses to Defendants' respective Motions to Dismiss.  (See Dkts. 18, 19).

**DONE** and **ORDERED** in Orlando, Florida, on this 16th day of September 2011.


MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel of Record
Any Unrepresented Party