

# UNITED STATES DISTRICT COURT
### FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CLARK A. HULS,
     Plaintiff,

-v-

B&E ELECTRICAL, INC.,
*a South Carolina Corporation,*
B&E ELECTRICAL OF SC, INC.,
*a Florida Corporation, and*
WILLIAM R. VENO, *an individual*
*who is an officer of both corporations,*
     Defendants.

Civil Action No.:
6:11-cv-00341-MSS-KRS

## PLAINTIFF'S RESPONSE TO WILLIAM R. VENO'S MOTION TO DISMISS (DOC 18)

COMES NOW, Plaintiff, Clark A. Huls ("HULS"), *pro se*, in response to the motion to dismiss (Doc 18) filed on behalf of WILLIAM R. VENO ("VENO"),[1] through counsel.  In his motion to dismiss, Defendant VENO, a South Carolina citizen, asserts that he is outside of this Court's jurisdiction because HULS did not plead that VENO's contacts with Florida were more than minimal.  In support thereof the Plaintiff states the following:

### SYNOPSIS OF ARGUMENT

1.     It is established precedent of the Florida Supreme Court that if a defendant wants to contest "jurisdiction or to raise a contention of minimum contacts",[2] affidavits must be filed and those affidavits must be filed with the motion they are supporting. *Cf.* Fed.R.Civ.P. 6.(c)(2).  Not only did VENO fail to supply affidavits asserting such facts,

---

[1] Reference in this response is as follows for the other parties, B&E ELECTRICAL, INC., ("B&E") and B&E ELECTRICAL OF SC, INC., ("BESC").

[2] *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla.1989)

nowhere in VENO's motion to dismiss are any assertions made regarding VENO's contacts with Florida. Instead the motion to dismiss only erroneously claims that HULS failed to plead sufficient contacts that VENO has with Florida.

2.    Contrary to this claim, the Complaint stated the following *prima facie* facts that subject VENO to this Court's jurisdiction. It stated that;

a.    VENO "routinely transacts business in Orange County, Florida", ¶7;

b.    VENO's "nonperformance leading to this action occurred on property that is located in the Middle District of Florida",[3] ¶8;

c.    VENO deceived HULS, who is a Florida citizen, into representing VENO's interests in Florida and VENO had no intention of fulfilling his promises,[4] (¶¶1, 29, and 30 and ¶¶41-46 of the Appendix to the Complaint);[5] and

d.    VENO failed to pay HULS for the work he performed on construction sites in Florida,[6] ¶¶27 and 42.

## LEGAL ARGUMENT

3.    The proper procedure for contesting *in personam* jurisdiction and minimal contacts with the forum state for due process consideration was explained by this Court in that, "'The plaintiff is required to plead sufficient material facts to form a basis for *in personam* jurisdiction.'" *Wallack v. Worldwide Mach. Sales, Inc.*, 278 F. Supp. 2d 1358,

---

[3] Fla.Stat. 48.193(1)(a).

[4] Fla.Stat. 48.193(1)(b).

[5] A corporation is an artificial entity that by its very nature cannot enter into an oral agreement without a natural representative, which is at the heart of this lawsuit, (Appendix to Complaint ¶13).

[6] Fla.Stat. 48.193(1)(g).

1364 (M.D. Fla. 2003), cited by *Tommy Bahama Group, Inc. v. Eagle*, District Court, MD Florida (2010).

4.      Once the *prima facie* basis for *in personam* jurisdiction is established, as demonstrated in ¶2 *supra*, '"the burden shifts to the defendant to challenge the plaintiff's complaint by affidavits or other pleading."' *Id.*

5.      Defendant VENO has failed to carry his burden of supplying affidavits countering the Complaint's statements or even making assertions challenging his being subject to *in personam* jurisdiction.

6.      In his motion to dismiss (Doc 18), VENO only erroneously contends that HULS failed to plead the prima facie case of *in personam* jurisdiction by this Court over VENO.

### INCORRECT LEGAL ASSERTIONS FROM VENO'S MOTION TO DISMISS

7.      In an attempt to support the notion that VENO should be shielded as a corporate employee, VENO cited *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993), in which the plaintiff was sexually assaulted while at work.  In a case decided this year, this Court compared the negligence tortious conduct in *Doe* with a case of an intentional tort directed at the plaintiff, similar to the one at bar, in that the corporate president was "being sued for intentional misconduct rather than negligent conduct."   *Minsburt International, Inc. v. Frontier Devices, Inc.*, (Dist. Court, MD Florida 2011).

8.      VENO also cited *Home Design Servs. v. David Weekley Homes, LLC*, 2007 U.S. Dist. LEXIS 26161, 7 (M.D. Fla. Apr. 9, 2007), for the proposition that "a corporate officer is not by virtue of his position subject to personal jurisdiction."  Two sentences after

VENO's quote, *Home Design Servs.* held that, "The Florida Supreme Court also stated that a non-resident corporate officer is subject to the long arm statute if it is alleged that he personally committed an intentional tort expressly aimed at the plaintiff."  This is the exact description of Count II of the HULS's Complaint and pleaded with particularity in *¶¶ 41-46* of the Complaint's Appendix, which is attached to the Complaint.

9.     *Home Design Servs.*, which was cited by VENO, *supra*, also held that the 'Plaintiff bears "the burden of proving by affidavit the basis upon which jurisdiction may be obtained **only if** the defendant challenging jurisdiction files affidavits in support of his position."' (emphasis added).  By failing to file his motion to dismiss with the required affidavits in violation of Fed.R.Civ.P. 6(c)(2), VENO has demonstrated that his motion to dismiss (Doc 18) is being used to frustrate this Court's efficient disposal of the case at hand, *cf. Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989), ("A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts **must file affidavits** in support of his position"), and Fed.R.Civ.P. 6.(c)(2), ("*Supporting Affidavit*. Any affidavit supporting a motion **must be served** with the motion"), (emphasis added).

### MISLEADING FACTUAL ASSERTIONS FROM THE MOTION TO DISMISS

10.     VENO purports to recast what the Complaint actually states his role is regarding which corporation is responsible for the contractual breach alleged in the Complaint.[7]  VENO stated in the motion to dismiss (Doc 18) that:

---

[7] Any reference to ¶3 of the Complaint was excluded by VENO in the motion to dismiss.  The Complaint states that, "**[B&E] is the primary entity used** through which Mr. Veno fulfills contractual obligations to clients and vendors and receives revenue", (emphasis added).

4

a. *This Court lacks personal jurisdiction over VENO as Plaintiff has failed to allege sufficient facts to bring the action within the ambit of one of the jurisdictional criteria contained in Florida's long-arm statute found in section 48.193, Florida Statutes or that there are sufficient minimum contacts between VENO and the State of Florida to satisfy constitutional due process limitations.Moreover, as **is evident from Plaintiff's own allegations, the alleged conduct on which the complaint is based is between B&E Electrical of SC, a Florida corporation ("BESC") and Plaintiff.***

(Doc 18 pg. 1, ¶ "Summary of Argument"), (emphasis added).

b. *VENO is a corporate officer of B&E Electrical of SC, a Florida corporation ("BESC") and in the course of his employment conducts business in the State of Florida on behalf of BESC. Complaint ¶10, 7.*

(Doc 18 ¶2).

c. *VENO is not engaged in continuous and systematic general business conduct in Florida **except on behalf of and for the benefit of BESC. Complaint ¶11.***

(Doc 18 ¶3), (emphasis added).

d. *The claims against VENO arise from alleged activities performed in his capacity as corporate officer for BESC, and as such personal jurisdiction is barred by the Corporate Shield Doctrine.*

(Doc 18 ¶8).

11.   Defendant VENO's counsel knowingly made these false assertions despite being provided financial records for B&E the day before he filed Doc 18, which show that VENO utilized B&E and not BESC to fulfill his contractual obligations as the Complaint stated.

## ADDITIONAL JURISDICTIONAL RELATED QUOTES FROM THE PLAINTIFF'S COMPLAINT

12.   The following are some of the statements from the Complaint that relate to the *in personam* jurisdiction of this Court over Defendant VENO;

a. [HULS] is a Brevard County resident and citizen of Florida ..., [¶1]
b. [VENO] lives at 820 Veno Lane, Summerville, South Carolina..., [¶2];
c. **[B&E] is the primary entity used through which [VENO]** fulfills contractual obligations to clients and vendors and **receives revenue**..., [¶3, (emphasis added)];
d. [VENO] as the representative of B&E and [BESC] **as he routinely transacts business in Orange County, Florida**..., [¶7, (emphasis added)];

5

e. ...a substantial part of the events and omissions and [VENO's] nonperformance leading to this action occurred on property that is located in the Middle District of Florida. [¶8];

f. [VENO] and B&E are currently under contract [for a project] in Volusia County, Florida ..., [¶9];

g. [HULS's] claim in this action is regarding two [multi-family] projects,... ("Hidden River"), in Tampa, Florida ... and ... ("Andros"), in Daytona Beach, Florida. [¶17];

h. [VENO] asked Mr. Huls to perform multiple tasks related to Andros. [¶23]

i. ... Mr Huls performed the requested tasks and *inter alia* began planning and designing for Andros. [¶3];

j. [VENO] refused to honor two interim pay request that Mr. Huls submitted regarding Andros. [¶25];

k. [HULS] solicited and obtained the principal electrical contract for Hidden River ..., [¶33];

l. [HULS] oversaw and provided the labor at Hidden River ..., [¶35];

m. [HULS] would receive a commission of 25% of the gross profit of the revenue from any primary electrical contracts that he had solicited on behalf of the Defendants. [¶45]; [and]

n. The Defendants benefitted by receiving the revenue from multifamily projects that were solicited by [HULS] on their behalf, along with having profits generated from the projects on which [HULS] oversaw the labor. [Appendix, ¶22].

## CONCLUSION

13. The Complaint alleges that VENO contracted with or deceived a Florida resident, HULS, to work on two specific Florida construction sites and that VENO received the benefits either directly or indirectly through his privately-held corporation, namely B&E.

14. VENO failed to submit any affidavits in support of his lack-of-jurisdiction assertions and failed to even deny any minimal contacts with Florida, which is directly contrary to *in-personam*-jurisdiction case law since HULS's Complaint is to be taken as true unless contradictory evidence is submitted.

15. VENO's motion to dismiss attempts to distinguish between VENO's personal business connections with the state of Florida with his business dealings in Florida

performed on behalf of his two privately-held corporations.  This assertion has no support in case law as HULS alleged that some of VENO's conduct was tortious and directed at HULS.

**WHEREAS** the Plaintiff prays that this Court will deny Defendant's Motion *to* Dismiss (Doc 18) as meritless for the foregoing reasons.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September 2011, I presented the *foregoing to* the Clerk of the Court for filing and uploading to the CM/ECF system.

Clark A. Huls,
2862 Pine Avenue
Mims, Florida 32754
Telephone: (321) 576-7829
email: clarkhuls@gmail.com