**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CLARK A. HULS,**

    **Plaintiff,**

v.                                                                          Case No.: 6:11-cv-341-Orl-35KRS

**B & E ELECTRICAL, INC.,
B & E ELECTRICAL OF SC, INC. and
WILLIAM R. VENO,**

    **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant William R. Veno's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Dkt. 18); Defendants' Collective Motion to Dismiss for Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Dkt. 19); and Plaintiff's Responses in opposition thereto. (Dkt. 27; Dkt. 28) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' Collective Motion to Dismiss (Dkt. 19) and **DENIES as moot** Defendant Veno's Motion to Dismiss (Dkt. 18), as described herein.

    **I.**    **BACKGROUND**

Defendant B&E Electrical, Inc. ("Defendant B&E") is a South Carolina corporation with its principal place of business in South Carolina. (Dkt. 1 at 2; Dkt. 19 at 2) Defendant B&E is engaged in the electrical installation business for multifamily and other residential projects. (Dkt. 1 at 3) Defendant B&E Electrical of SC, Inc.

("Defendant B&E SC") is a Florida corporation with a business address in Summerville, South Carolina.  (Dkt. 1 at 2; Dkt. 19 at 2)  Defendant William R. Veno ("Defendant Veno") is a South Carolina resident and a corporate officer of Defendant B&E and Defendant B&E SC.  (Dkt. 1 at 1-2; Dkt. 18 at 2; Dkt. 19 at 2)  Plaintiff is a Florida resident who lives in Brevard County, Florida.  (Dkt. 1 at 1; Dkt. 19 at ¶ 7)

As alleged, in January 2005, Plaintiff and Defendant Veno entered into an oral agreement whereby Plaintiff agreed to (1) act as a labor consultant; (2) provide labor; (3) represent Defendants' interests; (4) act as a sales representative; (5) and act as a project manager for the Defendants' clients and others in order to facilitate the installation of complete electrical systems on new multifamily construction projects on which Defendant Veno had the principal electrical contract. (Dkt. 1 at ¶ 18; Dkt. 1-2 at ¶¶ 1, 13)  Pursuant to the Agreement: (1) from 2005 through 2008, Plaintiff would be compensated $1,100.00 per apartment unit; (2) in 2008, Plaintiff would be compensated $1,200.00 per apartment unit; (3) Plaintiff would be paid $30 per man-hour for certain additional services performed; and (4) Plaintiff would be paid a sales commission of 25% of the gross profit for business he solicited on behalf of Defendants.   (Dkt. 1-2 at ¶¶ 4, 9-10)

In the first quarter of 2010, Plaintiff alleges that he agreed to provide labor for the installation of the electrical systems at the Andros Isles Apartments in Daytona Beach, Florida for $1,100.00 per unit for 360 units.  (Dkt. 1 at ¶¶ 17, 22; Dkt. 1-2 at ¶ 29)  In January 2011, Defendants allegedly breached the Agreement when they advised Plaintiff that they would only pay him $900.00 per unit, refused to pay Plaintiff monies

allegedly owed pursuant to two interim pay request, and failed to pay him a $70,829.72 sales commission. (Dkt. 1 at 6, 6; Dkt. 1-2 at 7)

On March 7, 2011, Plaintiff filed his Complaint alleging violations of the parties' oral Agreements.[1] (Dkt. 1) Plaintiff asserts claims for (1) breach of contract (Counts I and III); (2) fraudulent inducement (Count II); and (3) violation of FLA. STAT. 686.201(3)(b) (Count III). (Id. at 5-13) Defendants B&E and B&E SC move to dismiss for lack of subject matter jurisdiction, contending Plaintiff's Complaint must be dismissed because there is not complete diversity between the parties. (Dkt. 19) Defendant Veno moves to dismiss for lack of personal jurisdiction, contending Plaintiff's Complaint fails to allege sufficient jurisdictional facts to bring Defendant Veno "within the ambit of Florida's long arm statute" and fails to allege sufficient minimum contacts with Florida for due process purposes. (Dkt. 18 at 4-8)

## II. LEGAL STANDARD AND ANALYSIS

Federal district courts are courts of limited jurisdiction; the bases of subject matter jurisdiction are defined in 28 U.S.C. §§ 1330 - 1369. Cogdell v. Wyeth, 366 F.3d 1245, 1247-48 (11th Cir. 2004). They include, inter alia, federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332. See 28 U.S.C. §§ 1331, 1332. Specifically, § 1331 provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331. Federal diversity jurisdiction exists where: (1) the amount in

---

[1] Although Plaintiff's Complaint was filed on March 7, 2011, the Clerk did not record the filing fee as being paid until July 5, 2011. (Dkt. 1) Therefore, the Summons was not issued until July 5, 2011. (Dkt. 2)

controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs; and (2) is between citizens of different states. 28 U.S.C. § 1332(a).

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. See Stanley v. Cent. Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir. 1981). "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court cannot proceed; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).

**A. Federal Question Jurisdiction**

As discussed, supra, Plaintiff's Complaint contains four state law claims for breach of contract, fraudulent inducement, and violation of FLA. STAT. 686.201(3)(b). (Dkt. 1 at 5-13) Because these state law claim do not arise "under the Constitution, laws, or treaties of the United States[,]" the Court finds that there is no basis for federal question jurisdiction. See 28 U.S.C. § 1331.

**B. Diversity Jurisdiction**

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Based on Plaintiff's pleading, there is no basis for diversity jurisdiction as Plaintiff Complaint alleges:

> Mr. Huls is a Brevard County resident and citizen of Florida and is otherwise *sui juris*.
>
> Mr. Veno lives at 820 Veno Lane, Summerville, South Carolina 29483, and is otherwise *sui juris*.

4

> B&E is a South Carolina corporation with its principal place of business address at 1843 Royle Road, Summerville, South Carolina 29483. B&E has the same address as B&E SC. Upon information and belief, it is the primary entity through which Mr. Veno fulfills his contractual obligations to clients and vendors and receives revenue.
>
> B&E SC is a Florida corporation with its principal business address at 1843 Royle Road, Summerville, South Carolina 29483. B&E SC has the same address and B&E. Upon information and belief, B&E SC is the entity through which Mr. Veno is licensed by the state of Florida to provide electrical construction services in Florida.

(Dkt. 1 at ¶¶ 1-4) Because Plaintiff's claim involves two Florida citizens on opposite sides of the controversy—Plaintiff and B&E SC—there is no diversity of citizenship. Plaintiff's attempt to establish complete diversity by filing a Notice of Voluntary Dismissal as to Defendant B&E SC after Defendants filed their motions to dismiss for lack of jurisdiction does not alter the Court's analysis. (See Dkts. 18, 19, 24, 27, 28)

Parties may not create or destroy subject matter jurisdiction by consent or waiver. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). To determine diversity, the Court assesses the citizenship of the parties at the commencement of litigation. Grupo Dataflux v. Atlas Global Group, L.P, 541 U.S. 567, 569-72 (2004) (holding that attaining diversity during the pendency of the action could not establish jurisdiction if the parties had not been diverse at the outset); Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000). If complete diversity existed at the time of filing, then subsequent events or a party's change of citizenship generally will not divest the court of jurisdiction. See Iraola, 232 F.3d at 860-61 (noting limited exception to time-of-filing rule which permits courts to dismiss a dispensable non-diverse party to retain jurisdiction; preserving Argentinean plaintiff's

5

claim against citizens of Georgia, Delaware, and Texas by dismissing an un-served defendant company that was owned by a citizen of Argentina since that party was a dispensable party and plaintiff had obtained the district court's permission to voluntarily dismiss so that it could sue all defendants in state court). Similarly, if diversity did not exist at the time of filing, subsequent events, such as a change in the domicile of a party or substitution of parties, cannot create it. See id.; see also MacGinnite v. Hobbs Group, LLC, 420 F.3d 1234, 1339-40 (11th Cir. 2005); Jones v. Law Firm of Hill & Ponton, 141 F. Supp.2d 1349, 1355 (M.D. Fla. 2001) ("If there is no diversity of citizenship as of the date of commencement of the action, it cannot be created by a subsequent change of domicile by one of the parties.").

As noted above, no diversity of citizenship existed at the time Plaintiff filed his Complaint. (See Dkt. 1 at ¶¶ 1-4) Therefore, Plaintiff's filing a Notice of Voluntary Dismissal of Defendant B&E SC six months after he filed his Complaint and three days[2] after Defendants filed their amended motions to dismiss does not solve the jurisdiction defect existing as of March 7, 2011—the date of commencement of this action. See Iraola, 232 F.3d at 860. Further, upon review of the record it does not appear that Defendant B&E SC is a dispensable party. Therefore, the Court declines to exercise its discretion to dismiss non-diverse Defendant B&E SC. See id. at 860-61. Accordingly, the Court finds there is no basis for federal diversity jurisdiction. See 28 U.S.C. § 1332(a).

---

[2] Defendants' original Motions to Dismiss (Dkts. 9, 10) were filed on August 26, 2011. However, the motions were was stricken pursuant to the Court's September 9, 2011, Order due to defective Certificates of Service. (See Dkt. 18)

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

A. Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Dkt. 19) is **GRANTED**;

B. Defendant Veno's Motion to Dismiss for lack of Personal Jurisdiction (Dkt. 18) is **DENIED as moot**; and,

C. The **CLERK** is **DIRECTED** to **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, this 4th day of October 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies Furnished to:
All Counsel of Record
Any Unrepresented Party